IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GLENBROOK CAPITAL LIMITED
PARTNERSHIP,

      Plaintiff,

 v.

MALI KUO, ET AL,

      Defendants.
                                   /

No. C07-02377 JSW

**QUESTIONS FOR HEARING**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON SEPTEMBER 4, 2008 AT 9:00 A.M.:

      The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with reference to pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court suggests that associates or of counsel attorneys who are working on this case be permitted to address some or all of the Court's questions contained herein.

The parties shall each have 20 minutes to address the following questions:

1. In its second amended complaint, Plaintiff alleges that the representation in the Form 8-K dated December 12, 2005 that DVS had obtained the written consents of a majority of shareholders for the stock purchase agreement was false. Plaintiff alleges that it can confirm the falsity because it is a shareholder and was never asked to ratify the sale. (SAC ¶¶ 34, 37.) Is this sufficient to raise an inference of falsity because all shareholders were not asked for approval? What do the draft minutes from the Audit Committee Meeting from December 15, 2005 state about not following "proper procedures"? (*Id.*) Are those minutes in the record?

2. Plaintiff contends that the proceeds of the sale of substantially all of DVS's asset was not properly disclosed because the money is excess of the judgment owing to Defendant Kuo is unaccounted for. Defendants maintain that the sale was publicly disclosed and was proper given that it was made to satisfy the outstanding judgment. According to Plaintiff (and Kuo's deposition testimony in another action), the rest of the proceeds was invested in another company in China. (SAC ¶ 43.)
    a. Is there any obligation for Defendants to disclose publicly the company's investment of the remainder of the proceeds from the sale of DVS Korea, Co., Ltd.?
    b. Is there any indication when the overseas investment was made?
    c. Did Defendants have any legal obligation to disclose the pledge agreement which allowed her to levy all of the DVSK stock if DVS's newly issued shares were not registered by May 27, 2005?
    d. Is the Court obligated to take as true Plaintiff's allegation that DVS now operates as an "empty shell"? (*Id.* ¶ 48.)

3. The Second Amended Complaint indicates that DVS shares are currently trading at around 10 cents per share (SAC ¶ 47) and at under five cents per share (*id.* ¶ 48). Which is it?

4. Does Plaintiff's allegation that the sale caused the precipitous decline in the stock's value contradict its earlier allegation in the original complaint that the decrease was caused by DVS's inability to file its Form 10-K in April 2006?

5. There are new allegations regarding Defendant Douglas Watson in the Second Amended Complaint. Is the Court bound by its Order dated April 3, 2008 dismissing Watson as a defendant?

6. Do the parties have anything further they wish to address?

**IT IS SO ORDERED.**

Dated: September 4, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2